IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **GREAT AMERICAN INSURANCE COMPANY, INC.**, a corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**STAR INSULATION, INC.**, a corporation; **HOUSTON STOKLEY**, an individual; **GLENN COUCH**, an individual; **SUSAN COUCH**, an individual; **JESSE HUMPHREY**, an individual; and **SHIRLEY HUMPHREY**, an individual,<br><br>    Defendants. | **Civil Action No. _____** |

### VERIFIED COMPLAINT FOR SPECIFIC PERFORMANCE, EXONERATION OF SURETY, AND INJUNCTIVE RELIEF

Plaintiff **Great American Insurance Company, Inc.** (**Great American**), as Surety for **Star Insulation, Inc.** (**Star**), hereby submits its Verified Complaint for Specific Performance, Exoneration of Surety, and Injunctive Relief, stating as follows:

### I.   PARTIES, JURISDICTION AND VENUE

1. Plaintiff **Great American** is a corporation organized and existing pursuant to the laws of the State of Ohio, having its principal place of business in Cincinnati, Ohio. At all relevant times, Great American has been authorized and duly licensed to conduct business in the State of Alabama and this Judicial District.

2. Defendant **Star Insulation, Inc.** (**Star**) is corporation organized and existing pursuant to the laws of the State of Alabama, having its principal place of business in Birmingham, Alabama.

3. Defendant **Houston Stokley** is an individual resident and citizen of the State of Alabama, who resides in Jefferson County, Alabama, and who is over the age of nineteen (19) years.

4. Defendant **Glenn Couch** is an individual resident and citizen of the State of Alabama, who resides in Jefferson County, Alabama, and who is over the age of nineteen (19) years.

5. Defendant **Susan Couch** is an individual resident and citizen of the State of Alabama, who resides in Jefferson County, Alabama, and who is over the age of nineteen (19) years.

6. Defendant **Jesse Humphrey** is an individual resident and citizen of the State of Alabama, who resides in Jefferson County, Alabama, and who is over the age of nineteen (19) years.

7. Defendant **Shirley Humphrey** is an individual resident and citizen of the State of Alabama, who resides in Jefferson County, Alabama, and who is over the age of nineteen (19) years.

8. Jurisdiction exists by virtue of the complete diversity of citizenship which obtains among and between the Plaintiff, the corporate Defendant, and each individual Defendant, pursuant to 28 U.S.C. § 1332, and in light of the amount in controversy, which exceeds the sum of $75,000, exclusive of interest and costs.

9. Venue is proper in this Judicial District because Star is headquartered and based in Jefferson County, Alabama, where all the individual Defendants reside.

## II.  FACTS

10. At the request of the Defendants, and in consideration of the execution by each Defendant of the Agreement of Indemnity attached as Exhibit "A," Great American issued a

Subcontract Performance Bond, in the amount of Five Million Nine Hundred Thousand Dollars ($5,900,000) on behalf of Star Insulation, Inc. in favor of **Kirlin Mid-Atlantic, LLC** (**Kirlin**) to secure the subcontract performance obligations of Star to provide and install insulation for the construction of the Public Health Command Lab Replacement Project (PHC Project) now under construction in Aberdeen, Maryland. A copy of the Subcontract Performance Bond is attached as Exhibit "B."

11. Several disputes have arisen with respect to Star's performance on the PHC Project. Kirlin has declared Star to be in default in its performance of the subcontract obligations and has demanded that Star and Great American take immediate action to cure the alleged default. The specific events of default which Kirlin alleges have occurred with respect to Star's subcontract are identified in letters dated May 1, 2020 and May 12, 2020, which are attached as Exhibits "C" and "D."

12. In addition to the delays and scheduling issues, Kirlin has further alleged that Star's work on the PHC Project is defective, deficient, and does not comply with the plans and specifications. A specification of the alleged non-conforming work is set forth in Kirlin's May 14, 2020 letter attached as Exhibit "E."

13. Kirlin has demanded that Great American, as Surety, take immediate action to cure Star's default and to engage a consultant to assist Star in administration of the work that remains to be performed. Kirlin has further advised Great American that it will seek recovery of all completion costs in excess of the remaining subcontract balance from Great American, as subcontract bond surety.

14. Kirlin has further advised Great American that it has incurred additional costs in the amount of One Million Three Hundred Thousand Dollars (**$1,300,000**) relating to supplementation of Star's workforce, and that it intends to continue to supplement Star's

workforce in an effort to regain the scheduling deficiencies and to correct the alleged defects and deficiencies in existing work performed by Star. Accordingly, Great American anticipates that Kirlin will be demanding immediate payment for the incurred supplementation costs, plus all additional supplementation costs incurred as the project moves forward.

15. In light of the facts and circumstances as set forth herein and as documented by the attached correspondences, Great American justifiably fears that Star will be unable to complete the subcontract in accordance with the plans and specifications and pursuant to the schedules mandated by the owner, the general contractor, and the obligee. Great American expects that the cost of supplementation will exceed the remaining subcontract balance, which will result in a claim against the Subcontract Performance Bond for Kirlin's excess cost of completion of the Star subcontract scope.

16. In the Agreement of Indemnity (Exhibit B), the Defendants, separately and severally, have promised to deposit collateral with Great American "as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefore." (*See* Agreement of Indemnity, ¶2). The Defendants have further agreed that the failure to honor the Surety's request for a collateral deposit shall constitute the irreparably injury and shall constitute grounds for the issuance of a decree of specific performance:

> The Undersigned acknowledge that the failure of the Undersigned to deposit with the Surety immediately upon demand, the sum demanded by the Surety as payment, shall cause irreparable harm to the Surety has no adequate remedy at law. The Undersigned agree that the Surety shall be entitled to injunctive relief for specific performance of any or all of the obligations of the Undersigned under this Agreement, including the obligation to pay the Surety the sum demanded and hereby waive any claims or defenses to the contrary.

17. On August 6, 2019, Great American submitted a collateral demand in the amount of $2,000,000 which was delivered via U.S. Certified mail and electronic mail to each Defendant. A copy of said initial demand is attached as Exhibit "F."

18. On May 14, 2020, Great American submitted a renewed demand for collateral, which is attached as Exhibit "G."

19. To date, the Defendants have failed and refused to honor Great American's demand, and have failed to deposit collateral as requested. Accordingly, the Defendants are in breach of their obligations as set forth in the Agreement of Indemnity.

### III.  CLAIMS FOR RELIEF

### COUNT ONE

### APPLICATION FOR TEMPORARY RESTRAINING ORDER, OR ALTERNATIVELY, FOR PRELIMINARY INJUNCTION

20. Great American adopts and incorporates all the facts and averments of Paragraphs 1 through 19 of the Verified Complaint as if set forth in full herein.

21. Pursuant to Rule 65 of the *Federal Rules of Civil Procedure*, Great American requests and prays the Court for entry of a Temporary Restraining Order to restrain the Defendants, separately and severally, and all others in active concert and participation with them, from making or attempting to make any transfers or conveyances of assets, and from selling, conveying, mortgaging, encumbering, or in any other substantive manner dealing with any of their assets or property – other than in the ordinary course of business and for payment of labor, material, and reasonable overhead expense for Star to continue work on the PHC Project – pending a hearing and determination of the issues set forth in this Verified Complaint.

22. Alternatively, Great American requests that this Court temporarily enjoin and restrain the Defendants, separately and severally, and all others in active concert and participation with them, from making or attempting to make any transfers or conveyances of

assets, and from selling, conveying, mortgaging, encumbering, or in any other substantive manner dealing with any of their assets or property – other than in the ordinary course of business and for payment of labor, material, and reasonable overhead expense for Star to continue work on the PHC Project – pending disposition of the issues set forth in this Verified Complaint.

23. In support of this application, Great American shows unto the Court that unless enjoined and restrained, the Defendants may engage in conduct that will result in immediate and irreparable injury, loss and damages to Great American before the parties or its attorneys can be heard in opposition.

24. Great American intends to file a brief and proposed order in support of the requested Temporary Restraining Order.

WHEREFORE, PREMISES CONSIDERED, Great American requests entry of a Temporary Restraining Order.

## COUNT TWO

## SPECIFIC PERFORMANCE

25. Great American adopts and incorporates all averments of Paragraphs 1 through 24 of the Verified Complaint as if set forth in full herein.

26. Considering the declaration of default and allegations of non-performance by Kirlin, Great American has demanded a deposit of collateral in the amount of $2,000,000 from the Defendants. (*See* Exhibits "C" and "D").

27. In the Agreement of Indemnity, the Defendants, separately and severally, have promised to deposit collateral upon demand by Great American, have waived all defenses relating to such demand, and have agreed that their failure to comply with Great American's demand will result in irreparable injury and damage to the Surety.

28. The Defendants have failed and refused to deposit collateral as requested and are therefore in breach of their obligations under the Agreement of Indemnity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Great American requests that this Court, in the exercise of its equitable powers, order the Defendants, separately and severally, to specifically perform their obligations to Great American by immediately arranging for a deposit of cash or other assets in an amount and form acceptable to Great American, having a value of not less Two Million Dollars ($2,000,000), to be held by Great American pending final disposition of all claims relating to Star's performance under the bonded subcontract and as provided in the Agreement of Indemnity. Great American offers to do equity, and requests such additional relief as may be necessary to provide for the specific performance of the obligations of the Defendants.

## COUNT THREE

## EXONERATION OF SURETY/*QUIA TIMET*

29. Great American adopts and incorporates all averments of Paragraphs 1 through 28 of the Verified Complaint as if set forth in full herein.

30. Pursuant to Rule 65 of the *Federal Rules of Civil Procedure*, and so as to provide and apply the remedies of exoneration and *quia timet*, and to permit enforcement of the terms of the Agreement of Indemnity, Great American requests the Court to impose immediate equitable relief as requested herein pending a hearing and disposition of Great American's request for a specific performance:

    a) Enjoining and restraining the Defendants, separately and severally, their agents, servants, employees, attorneys, assigns, and all persons in active concert and participation with them, pending a final hearing and determination of this cause, from selling, mortgaging, leasing,

transferring, or in any other manner disposing of or dealing with any of their properties, whether real, personal, cash, lands, securities or chattels, against which Great American would be entitled to a levy of execution for payment of any judgment or which could be used to respond to an Order requiring the Defendants to specifically perform their obligations to the surety, and further from removing, destroying, or transferring any of their books of accounts, contracts, agreements, vouchers, journals, files, correspondence, ledgers, balance sheets, annual reports, tax records, financial reports, accounts receivable, inventories, motor vehicle records, and all their business records in any form or nature whatsoever.

b) Declaring and imposing a judicial lien in favor of Great American with respect to any and all assets and property of Defendants, separately and severally, including any realty, personalty or other property owned or controlled by any Defendant or property in which Defendants have any interest, said judicial lien to remain in full force and effect pending full performance of the obligations of the Defendants to Great American as requested herein;

c) Under the facts and circumstances of this case, requiring Defendants, separately and severally, to make an accounting within ten (10) days to this Court in the form of a sworn affidavit as to the nature, extent and location of any and all assets, and as to the disposition of any and all assets possessed by the Defendants, or coming within their

  custody or control during the last three hundred sixty-five (365) days preceding the date of the Order of this Court;

d) Marshaling and sequestering the assets of Defendants for the purpose of exonerating the surety;

e) Ordering the Defendants to deposit with Great American collateral, assets, or other securities sufficient to secure Great American from its anticipated losses; and

f) Such other relief as may be equitable under the premises.

  WHEREFORE, PREMISES CONSIDERED, Great American requests entry of equitable relief as specified above.

## COUNT FOUR

## DEMAND FOR JUDGMENT

  31. Great American adopts and incorporates all averments of Paragraphs 1 through 30 of the Verified Complaint as if set forth in full herein.

  32. The Defendants have breached the terms of the Agreement of Indemnity by failing to deposit collateral security with Great American as contemplated in Paragraph 2 of the Agreement of Indemnity. By virtue of Defendants' breach, Great American is entitled to equitable and legal relief as requested herein.

  WHEREFORE, PREMISES CONSIDERED, Great American demands judgment against the Defendants, separately and severally, in the amount of Two Million Dollars (**$2,000,000**), plus interest, all costs of this action, and all attorney's fees incurred by Great American as a result of the issuance of the Bond, together with such further and different relief which Great American, as Surety, is entitled.

        Respectfully Submitted,

        */s/ L. Graves Stiff, III*
        L. Graves Stiff, III (ASB-0693-S70L)
        Averie L. Armstead (ASB -3698-D00R)
        STARNES DAVIS FLORIE LLP
        100 Brookwood Place, 7th Floor
        Birmingham, Alabama 35209
        T (205) 868-6000 | F (205) 868-6099
        Email lgs@starneslaw.com
              ala@starneslaw.com
        *Counsel for Great American Insurance Company*

**PLEASE SERVE DEFENDANTS VIA US CERTIFIED MAIL:**

**Star Insulation, Inc.**
2385 Pawnee Village Road
Birmingham, Alabama 35217

**Houston Stokley**
1651 Quail Ridge Drive
Gardendale, Alabama 35071

**Glenn Couch**
1740 Murray Hill Road
Vestavia Hills, Alabama 35216

**Susan Couch**
1740 Murray Hill Road
Vestavia Hills, Alabama 35216

**Jesse Humphrey**
4108 Huron Drive
Moody, Alabama 35004

**Shirley Humphrey**
4108 Heron Drive
Moody, Alabama 35004

## VERIFICATION

STATE OF OHIO
COUNTY OF HAMILTON

Before me, the undersigned Notary Public, in and for said County and in said State, personally appeared **Christopher J. Wise** who being first duly sworn, deposes and says that he is employed as **Claims Representative** for **GREAT AMERICAN INSURANCE COMPANY, BOND DIVISION** and in this capacity is primarily responsible for the recovery of losses on bonds issued by Great American, and that he has personally reviewed the Verified Complaint for Exoneration of Surety and that the allegations stated therein are true.

**Christopher J. Wise**
**Claims Representative**
**GREAT AMERICAN INSURANCE COMPANY,**
**BOND DIVISION**

STATE OF OHIO
COUNTY OF HAMILTON

I, **Ryan Dierkers**, a Notary Public in and for said County and said State, hereby certify that **Christopher J. Wise**, being first duly sworn and who is known to me, has been informed of the contents thereof and voluntarily executed the foregoing on the day the same bears date.

Subscribed and sworn before me this 19th day of May 2020.

[AFFIX SEAL]

Notary Public
My Commission Expires: 03.19.2025

RYAN DIERKERS
Notary Public
State of Ohio
My Comm. Expires
March 19, 2025